IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. WHITE, | 1:08-cv-00231-LJO-GSA-PC |
| Plaintiff, | ORDER VACATING TRIAL |
| vs. | ORDER DISMISSING CASE, WITH PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE |
| WEINSTEIN, et al., | |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

**VACATED:**

**Telephonic Trial Confirmation Hearing:** January 10, 2011 at 8:15 a.m. in Courtroom 4 (LJO)

**Jury Trial:** February 7, 2011 at 8:30 a.m. in Courtroom 4 (LJO)

James C. White ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case is scheduled for jury trial commencing on February 7, 2011, at 8:30 a.m., before District Judge Lawrence J. O'Neill.

On December 3, 2010, the Court issued an Order to Show Cause, requiring Plaintiff to file a response within seven days showing cause why sanctions should not be imposed based on his failure to comply with the Court's Second Scheduling Order of October 22, 2010. (Doc. 25.)

1

The seven-day time period has expired, and Plaintiff has not responded to the Order to Show Cause.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than two years. Plaintiff's failure to respond to the Court's orders may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by complying with the Court's orders and prosecuting his case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with the Court's Scheduling Order in the first instance and to respond to the Court's Order to Show Cause in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that Plaintiff has abandoned this case on the eve of trial, after the Court scheduled a trial confirmation hearing and jury trial on the Court's

calendar. Plaintiff was forewarned in the Court's order of December 3, 2010, that sanctions, including dismissal of this action, may result if Plaintiff failed to provide a satisfactory explanation for his failure to comply with the Second Scheduling Order. Plaintiff failed to provide any explanation at all.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that:

1. The trial confirmation hearing for this action, scheduled for January 10, 2011 at 8:15 a.m., before District Judge Lawrence J. O'Neill, is **VACATED**;

2. The jury trial for this action, scheduled to commence on February 7, 2011 at 8:30 a.m. before District Judge Lawrence J. O'Neill, is **VACATED**;

3. This action is DISMISSED, with prejudice, based on Plaintiff's failure to obey the Court's Second Scheduling Order of October 22, 2010, failure to respond to the Court's Order to Show Cause of December 3, 2010, and failure to prosecute this action on the eve of trial; and

4. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated: December 17, 2010** /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE